

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | No. 2:20-mj-00039 |
| | * | |
| VERSUS | * | |
| | * | |
| EDUARDO PEREZ-CORONADO | * | MAGISTRATE JUDGE KAY |

## AFFIDAVIT

I, Christopher S. Simpkins, being first duly sworn, depose and affirm the following:

1. I make this affidavit in support of a criminal complaint and warrant of arrest for EDUARDO PEREZ-CORONADO.

2. I am a Border Patrol Agent with Customs and Border Protection / United States Border Patrol and have been so employed for twenty-two (22) years. As an agent of the United States Border Patrol, I am empowered to enforce the criminal laws of the United States specifically with regard to immigration laws, customs laws under Title 19 of United States Code and controlled substance offenses.

3. This affidavit is intended to show only that there is sufficient probable cause for the requested criminal complaint and warrant, and does not set forth all of my knowledge about this matter.

4. EDUARDO PEREZ-CORONADO is a citizen and national of Guatemala. EDUARDO PEREZ-CORONADO has been assigned Alien Registration Number 216 547 348 by the United States Citizenship and Immigration Services. EDUARDO PEREZ-CORONADO and has been assigned FBI # 665133ME3 due to his immigration history. EDUARDO PEREZ-CORONADO was arrested for Alien Smuggling (Transporting), as will be explained in more detail below.

5. Title 8, United States Code, Section 1324(a)(1)(A)(ii) makes it a crime for an (A) Any person who— (ii) knowing or in reckless disregard of the fact that an alien has come to, entered, or remains in the United States in violation of law, transports, or moves or attempts to transport or move such alien within the United States by means of transportation or otherwise, in furtherance of such violation of law. Title 8, United States Code, Section 1324(a)(1)(A)(v)(I) (v) (I) makes it a crime for any person to engage in a conspiracy to commit any of the preceding acts.

6. Pursuant to Title 8, United States Code, Section 1324(a)(1)(B)(i), a person who violates subparagraph (v)(I) or (A)(ii) in which the offense was done for the purpose of commercial advantage or private financial gain, shall be fined under Title 18, imprisoned not more than 10 years, or both.

7. On February 10, 2020, Border Patrol Agent J. Sphon and Border Patrol Agent L. Hijar were working highway interdiction operations along Interstate 10 (I-10) Eastbound. Agents were dressed in Border Patrol uniforms displaying the Department of Homeland Security logo. Agents were driving an unmarked service vehicle with emergency light equipment on the roof.

8. At approximately 10:15 p.m., Border Patrol Agents Q. Nguyen and M. Bowen communicated via service radio that a vehicle crossed the state line having a travel history consistent with smuggling activity. More specifically, the suspect vehicle drove west out of Louisiana and into Texas at approximately 4:30 p.m. on today's date. The vehicle was then found crossing from Texas back into Louisiana at approximately 10:00 p.m. Based on training and experience, a vehicle with this kind of travel pattern justified further scrutiny. It is important to note that the combined experience of the agents involved in this case is approximately 68 years.

9. Agent Nguyen described the vehicle as a black Mercury Sable bearing Mississippi plate SBA-7153. Further research revealed the registered owner (RO) of the vehicle to be EDUARDO PEREZ-CORONADO (hereafter referred to as PEREZ-CORONADO). A subsequent search of immigration and criminal data systems revealed that PEREZ-CORONADO had no recorded date of birth, Social Security Number, or driver's license. Based on experience, the lack of this information often indicates that a person is illegally present in the United States. In addition, Agent Bowen reviewed photos taken of the suspect vehicle traveling westbound. The photos were taken by traffic enforcement equipment located along I-10. Agent Bowen stated the photos did not show any passengers in the rear seating compartment during westbound travel.

10. Agents Sphon and Hijar positioned themselves on the right shoulder of I-10 eastbound facing traffic in an attempt to observe the suspect vehicle. At approximately 10:55 p.m., a vehicle matching Agent Nguyen's description passed

the agents. Agents Sphon and Hijar witnessed what appeared to be three people seated in the back of the suspect vehicle. Agents Sphon and Hijar pulled onto the highway and caught up with driver. Matching speeds at approximately 70 miles per hour, the agents confirmed the presence of a driver, a front seat passenger, and three additional passengers in the back seat. Agents confirmed the vehicle's license plate was a match and requested a vehicle registration check via the New Orleans Border Patrol Sector Dispatch, yielding negative results for any lookouts.

11. Agents Sphon and Hijar have arrested numerous drivers for transporting undocumented aliens from Texas to the eastern United States. In most cases, the drivers travel west into Texas and then return with additional passengers. Agent Bowen's earlier review of photos taken by traffic enforcement equipment added suspicion that this vehicle may contain smuggled aliens. It is important to note that after matching highway speeds, the driver of the suspect vehicle rapidly slowed to approximately 40 miles per hour. The suspect driver's significant reduction in speed further aroused the suspicion of the agents.

12. At approximately 10:57 p.m., Agents Sphon and Hijar initiated their service vehicle's emergency lights and sirens. The suspect vehicle yielded on the right shoulder of I-10 eastbound about 200 yards west of Exit 34. Agents Sphon and Hijar approached the suspect vehicle and identified themselves as Border Patrol Agents. Agent Hijar asked the driver (confirmed to be the RO) if he knew the three people in the back seat, and the driver stated that he did not. The driver stated that he and his daughter (front seat passenger) picked up the three backseat

passengers at a gas station in Houston, Texas. Suspecting the rear passengers were being smuggled, the agents performed an immigration inspection of the driver and all passengers individually. All five people in the suspect vehicle freely admitted to being born in Guatemala and stated they were not in possession of any documentation allowing them to enter or remain in the United States legally. At approximately 11:00 p.m., Agents Sphon and Hijar arrested all occupants of the vehicle. A subsequent vehicle search incident to arrest revealed no luggage for any passengers of the vehicle. The lack of luggage is not consistent with people traveling across multiple states. A lack of luggage is a common indication of human smuggling based on the many prior smuggling arrests made the agents. Agents requested transport assistance from Agents Nguyen, Bowen and N. Hamby. All requested agents quickly arrived on scene and the illegal aliens were transported to the Lake Charles Border Patrol Station for further processing.

13. The agents reviewed the totality of circumstances identified as follows:

1. A travel pattern consistent with criminal activity. The suspect vehicle originated at a location east of the state of Louisiana and traveled into Texas only to spend a few hours and then return (i.e. a quick flip).
2. The RO's lack of personal identifiers in law enforcement systems draws into question his legal status in the United States.
3. Traffic enforcement photographs taken during the vehicle's westbound travel revealed no rear seat passengers through Louisiana.

4. The drastic reduction in vehicle speed upon recognition of a law enforcement vehicle.

The agents' experience, when combined with the facts mentioned above, provide reasonable suspicion that the RO was an illegal alien that traveled to Houston to pick up other illegal aliens.

14. At approximately 11:48 p.m. on February 10, 2020, Agent Hijar read EDUARDO PEREZ-CORONADO his Miranda Rights in the Spanish language and witnessed by Agent Sphon. EDUARDO PEREZ-CORONADO acknowledged that he understood his rights and signed as such and agreed to answer questions without the presence of an attorney.

15. The suspect vehicle was a 2003 Black Mercury Sable bearing Mississippi State License Plate SBA-7153 with Vehicle Identification number 1MEHM55S83G609460. The vehicle was registered to EDUARDO PEREZ-CORONADO residing at 115 Old Highway 35, Forest, Mississippi.

16. The following subjects and their nationality/citizenship were determined by the agents: Edwin Baldemar Agustin-Agustin, Milton Romario Coronado-Lorenzo, and Wilver Javier Vasquez-Augustin were determined to be citizens and nationals of Guatemala. The front seat passenger was identified as Gloria Estefania Perez-Marroquin, also from Guatemala and the daughter of EDUARDO PEREZ-CORONADO. All subjects were arrested and transported to the Lake Charles Border Patrol Station for further processing.

14. After arriving at the Lake Charles Border Patrol Station all subjects were searched in the IDENT/ IAFIS system.

Based on the above facts and my experience as a Border Patrol Agent, there is probable cause to believe that EDUARDO PEREZ-CORONADO has violated Title 8, United States Code, Sections 1324(a)(1)(A)(ii), 1324(a)(1)(A)(v)(I), and 1324(a)(1)(B)(i).

_____
CHRISTOPHER S. SIMPKINS
Affiant

SWORN BEFORE ME THIS 13th day of February 2020, at Lake Charles, Louisiana.

_____
KATHLEEN KAY
United States Magistrate Judge

7